IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| TRAXXAS, LP, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 3:10-cv-02208-K |
| § | |
| XIN YU ARTS TOYS CO., LTD. § | |
| d/b/a XQ TOYS and § | |
| AUTOTEC SALES, INC, d/b/a § | |
| EXTREME MACHINES § | |
| § | |
| Defendants. § | |

## PLAINTIFF'S AMENDED COMPLAINT

Plaintiff Traxxas, LP ("Traxxas") files this Amended Complaint complaining of Defendants Xin Yu Arts Toys Co., Ltd. d/b/a XQ Toys ("XQ") and AutoTec Sales, Inc. d/b/a Extreme Machines ("AutoTec"), and states:

### PARTIES AND VENUE

1. **Traxxas**. Traxxas is a Texas limited partnership with its principal place of business in Dallas County, Texas.

2. **XQ**. XQ is a Chinese entity with its principal office and place of business at Lai Mei Industrial Zone, Chenghai, Shantou, Guangdong Region, China. XQ has appeared herein.

3. **AutoTec**. AutoTec is a California corporation with its principal office and place of business at 1936 Fairway Drive B, San Leandro CA 94577. AutoTec has appeared herein.

4. **Venue.** Venue is proper in Dallas County, Texas, pursuant to contract and Tex. Civ. Prac. & Rem. Code §§15.002, and 65.023.

**PLAINTIFF'S AMENDED COMPLAINT – Page 1**

**FACTS**

5. Traxxas creates, designs, and manufactures hobby-class radio controlled cars, trucks, and boats in both nitro and electric categories. Traxxas was started in 1986, and pioneered the first fully assembled, hobby-class remote controlled car. Traxxas "ready-to-run" vehicles have the same benefits as hobby-class kits, including replaceable parts, hop-ups, and a high quality component radio system. Traxxas is currently, and has been for last several years, the number-1 selling name in ready-to-run nitro and electric models. Traxxas models include the T-Maxx®, E-Maxx®, Maxx®, and Mini Maxx® radio controlled vehicles. For example, the E-Maxx Vehicle is depicted:



6. The Traxxas name, with its distinctive and stylized "XX" (the "Traxxas XX") is widely recognized in the remote control vehicle market, and Traxxas has registered TRAXXAS® under the following registration Nos. 2,292,851, 2,314,111 and 3,205,399 to protect its mark. In addition to the TRAXXAS® registrations, Traxxas has registered T-Maxx® No. 3,169,710, E-Maxx® No. 3,619,270, Maxx® No. 3,191,106, and Mini Maxx® No. 3,697,101, all of which use the distinctive Traxxas XX. These registered marks are attached collectively as Exhibit "A." Further, Traxxas has also registered Ready to Race® No. 2378932.

7. The stylized Traxxas name and the Traxxas XX, as used in Traxxas, T-Maxx, E-Maxx, Maxx, and Mini Maxx are fanciful: they were coined to serve as trademarks for the Traxxas line of remote controlled vehicles. Moreover, they have acquired secondary meaning in the market, and are widely associated with Traxxas' goods and services. Traxxas' trademarks are valid and in full force.

8. Further, Traxxas has been using the Traxxas XX, distinctive packaging, design, tire tread, and other trade dress (collectively, "Traxxas' Trade Dress") to market its goods and services. Traxxas' Trade Dress has acquired secondary meaning and is associated in the public's mind with Traxxas' goods and services.

9. In the fall of 2009, XQ marketed and sold vehicles under the name "Extreme Machines." XQ stylized the "X" in Extreme and used a "XX" in its products names in an intentional effort to copy Traxxas' marks and trade dress and to confuse consumers as to the affiliation, source and origin of XQ's products. Further, XQ called its vehicles "Raptor Traxx" and "Thunder Traxx," again stylizing the XX to resemble the Traxxas XX. For example, the Raptor Traxx Vehicle is depicted:



**PLAINTIFF'S AMENDED COMPLAINT – Page 3**

On information and belief, XQ acted with actual intent to cause customer confusion, and used the name "Extreme Machines" in an effort to hide its tracks. XQ was attempting to pass off its goods as those of Traxxas. AutoTec acted as XQ's contact point and customer service representative in the United States, and AutoTec's phone number was listed on XQ's website promoting the Raptor Traxx and Thunder Traxx.

10. In order to protect its trademarks and trade dress, Traxxas brought suit against AutoTec for trademark infringement, false representation in commerce, unfair competition, dilution, and other claims. AutoTec, in turn, identified XQ as the source of the Raptor Traxx and Thunder Traxx vehicles. After Traxxas obtained a temporary restraining order, the parties entered into a settlement agreement whereby XQ (1) agreed to cease all sales, whether direct or indirect, of the Raptor Traxx and Thunder Traxx vehicles; (2) agreed to take down the Extreme Machines website promoting the Raptor Traxx and Thunder Traxx vehicles; (3) represented that it had sold fewer than 1,000 Raptor Traxx and Thunder Traxx vehicles.

11. It has recently come to the attention of Traxxas that XQ is now selling the same vehicles under the names "Raptor XX" and "Thunder XX" (collectively, the "Infringing Vehicles"). For example, the new Raptor XX is depicted:



**PLAINTIFF'S AMENDED COMPLAINT – Page 4**

In addition, the Website is back up advertising the Infringing Vehicles. Further, the packaging and trade dress for the Infringing Vehicles uses the phrase "RTR/Ready to Race," in direct and intentional infringement on the Ready to Race® mark owned by Traxxas. Examples of these infringing marks are attached as Exhibit "B." Finally, the trade dress for the Infringing Vehicles, including the Traxxas XX, tire treads, patterns, and packaging is designed to imitate Traxxas' Trade Dress and confuse the public. The Infringing Vehicles are currently being offered for sale at Target. AutoTec Sales' phone number is once again listed as the point of contact for sales and service. Indeed, the tire tread on the Thunder XX is identical to the tire tread pattern on Traxxas' Summit vehicle. On information and belief, XQ has once again acted with actual intent to cause customer confusion, and used the name "Extreme Machines" in an effort to hide its tracks. XQ is attempting to pass of its goods as those of Traxxas.

## CAUSES OF ACTION

13. **Breach of Contract**. XQ's actions are a breach of the Settlement Agreement, for which Traxxas now sues.

14. **Trademark Infringement**. XQ's and AutoTec's actions, as set forth above, constitute trademark infringement pursuant to 15 U.S.C. § 1114 and the common law. As a result of XQ's and AutoTec's actions, Traxxas is entitled to recover its damages and XQ's and AutoTec's profits, for which it now sues.

15. **False Representation in Commerce**. XQ's and AutoTec's actions, as set forth above, constitute false representations in commerce in violation of 15 U.S.C. § 1125. As a result of XQ's and AutoTec's actions, Traxxas is entitled to recover its damages and XQ's and AutoTec's profits, for which it now sues.

16. **Unfair Competition.**  XQ's and AutoTec's actions, as set forth above, constitute unfair competition. As a result of XQ's and AutoTec's actions, Traxxas is entitled to recover its damages and XQ's and AutoTec's profits, for which it now sues.

17. **Dilution.**  XQ's and AutoTec's actions, as set forth above, constitute dilution, both by blurring and tarnishment, in violation of TEX. BUS. & COM. CODE §16.29 and 15 U.S.C. §1125. As a result of XQ's and AutoTec's actions, Traxxas is entitled to recover its damages and XQ's and AutoTec's profits, for which it now sues.

18. **Preliminary and Permanent Injunctive Relief**.  XQ's and AutoTec's continued use of the Traxxas' protected trademarks, including the Traxxas XX, are causing immediate and irreparable damage to Traxxas, for which Traxxas has no adequate remedy at law.  Traxxas' damages in this regard are continuing and incalculable and such actions of XQ's and AutoTec mislead customers into believing that XQ's and AutoTec products are Traxxas products, when in fact they are cheap imitations, which also is causing immediate and irreparable damage to Traxxas, for which it has no adequate remedy at law.  Traxxas seeks preliminary and permanent injunctive relief ordering XQ's and AutoTec to (i) cease using the Traxxas XX or any likeness thereto or any derivation thereof and all other material that might suggest that products distributed by XQ's and AutoTec are distributed by Traxxas; (ii) cease selling or manufacturing any products under the name Raptor XX or Thunder XX, (iii) provide a complete inventory and accounting for all products sold by AutoTec bearing the name Raptor XX, Thunder XX, the Traxxas XX or any likeness thereto or any derivation thereof, including gross profits, cost of goods, number of units produced, and the purchaser of all such units; and (iv) selling or distributing products bearing the name Raptor XX, Thunder XX, the Traxxas XX or any likeness thereto or any derivation thereof.

19. **Attorneys' Fees**.  Traxxas is entitled to recover its reasonable and necessary attorneys' fees, pursuant to 15 U.S.C. § 1117, for which it now sues.

20. **Conditions Precedent**.  Traxxas has performed all conditions precedent to recovery of its damages, attorneys' fees, and expenses.

## APPLICATION FOR TEMPORARY RESTRAINING ORDER

21. **Legal Standard**.  The purpose of a temporary injunction is to preserve the status quo pending trial on the merits.  *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002).  The applicant must show a probable right to the relief sought and a probable, imminent, and irreparable injury.  *Id.*

22. **Probable Right To Relief Sought**.  XQ and AutoTec infringed Traxxas' protected trademarks by marketing products bearing the name Raptor XX and Thunder XX, and by using a stylized XX in imitation of the Traxxas XX.  XQ's and AutoTec's breaches are ongoing and without justification.

23. **Immediate, Irreparable Injury**.  XQ's and AutoTec's continued sale of products bearing the name Raptor XX and Thunder XX is causing immediate and irreparable damage to Traxxas, for which Traxxas has no adequate remedy at law.  Traxxas' damages in this regard are continuing and incalculable and such actions of XQ's and AutoTec mislead customers into believing that XQ's and AutoTec's products are sold by Traxxas, which also is causing immediate and irreparable damage to Traxxas, inasmuch as XQ's and AutoTec's products are cheap imitations of inferior quality, for which Traxxas has no adequate remedy at law.

24. **Temporary Restraining Order**.  In view of the foregoing, Traxxas seeks a temporary restraining order restraining and prohibiting XQ and AutoTec from (i) using the Traxxas XX or any likeness thereto or any derivation thereof and all other material that might

suggest that products distributed by XQ and AutoTec are distributed by Traxxas; (ii) cease selling or manufacturing any products under the name Raptor XX or Thunder XX , (iii) provide a complete inventory and accounting for all products sold by XQ and AutoTec bearing the name Raptor XX, Thunder XX, the Traxxas XX, or any likeness thereto or any derivation thereof, including gross profits, cost of goods, number of units produced, and the purchaser of all such units; (iv) selling or distributing products bearing the name Raptor XX, Thunder XX, the Traxxas XX or any likeness thereto or any derivation thereof; (v) cease selling any radio control vehicle marked with words "Ready to Race" or using packaging marked "Ready to Race" for any remote control vehicle.

## RELIEF REQUESTED

25. **Prayer**.  Traxxas respectfully requests the following relief:

    (a)  That XQ and AutoTec be served with process and be required to answer in the time and manner prescribed by law;

    (b)  That the Court award damages against AutoTec as requested above;

    (c)  That the Court grant a temporary restraining order, preliminary and permanent injunction against AutoTec as requested above;

    (d)  That Traxxas recover its actual damages, pre and post-judgment interest, reasonable and necessary attorneys' fees, and costs of court; and

    (e)  That Traxxas have such other and further relief, both general and special, at law and at equity, to which it may show itself justly entitled.

Respectfully submitted,

By: /s/ Lance V. Clack
Keith R. Verges
State Bar No. 20547650
Lance V. Clack
State Bar No. 24040694

FIGARI & DAVENPORT, L.L.P.
3400 Bank of America Plaza
901 Main Street
Dallas, Texas 75202
(214) 939-2000
(214) 939-2090 (FAX)

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been served via ECF on all counsel of record.

/s/ Lance V. Clack
Lance V. Clack